# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| RANDY BEA ANDERSON, ) </br> ) </br> Petitioner, ) </br> ) </br> v. ) </br> ) </br> ) </br> MIKE VAN DYKE, Sheriff, ) </br> ) </br> Respondent. ) | </br> </br> </br> No. 3:15-cv-00118 </br> Judge Richardson </br> Magistrate Judge Frensley |

## REPORT AND RECOMMENDATION

Respondent Mike Van Dyke moves this court to transfer Petitioner's second habeas corpus petition to the Sixth Circuit Court of Appeals for consideration as an application for authorization to file a second or successive petition under 28 U.S.C. § 2254. Docket No. 38. This matter has been assigned to Magistrate Judge Frensley for a report and recommendation under 28 U.S.C. § 636(b)(1)(B). It is recommended that the respondent's motion be granted and the petition be transferred to the Sixth Circuit where it may be reviewed for authorization to file a second or successive petition in the Middle District of Tennessee under 28 U.S.C. § 2254.

## BACKGROUND

Petitioner, Randy Bea Anderson, pled guilty on counts of aggravated burglary, theft of property valued below $10,000, and theft of property valued below $500. Docket No. 37-1, PageID 131-33. Petitioner was sentenced to ten years for all counts. Docket No. 37-1. PageID 134. Petitioner filed a pro se petition for post-conviction relief in state court claiming his guilty plea was the result of a coerced confession. Docket No. 37-1, PageID 134, 139-41. This petition

was denied on the merits in the Circuit Court for Maury County after an evidentiary hearing. Docket No. 37-6, PageID 321. Petitioner appealed this decision to the Tennessee Court of Criminal Appeals. Docket No. 37-3, 287. The Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket No. 37-5, PageID 320. Petitioner did not file a request for appeal to the Tennessee Supreme Court and final judgment was entered by the Tennessee Court of Criminal Appeals on February 12, 2016. Docket No. 37-6, PageID 321.

While Petitioner's post-conviction relief appeal was pending, he filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 in the Middle District of Tennessee on February 6, 2015. Docket No. 1, PageID 1-6, 14. Petitioner was appointed counsel and given 60 days to file an amended petition. Docket No. 10. Counsel filed a motion to stay (Docket No. 13) and the habeas proceeding was stayed pending exhaustion of Petitioner's state claims (Docket No. 18).

After the denial of the state claim for post-conviction relief in the Tennessee Court of Criminal Appeals, Petitioner filed a second pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 in the Middle District of Tennessee on March 14, 2016. *Anderson v. Lee*, 1:16-cv-00016 (Docket No. 1). Petitioner did not attempt to consolidate the two federal habeas petitions, filed under separate case numbers. Docket No. 38, PageID 323. The District Court denied this second pro se habeas corpus petition on the merits on July 8, 2016. *Anderson v. Lee*, No. 1:16-cv-00016 (Docket No. 17). The Court did not grant Petitioner a certificate of appealability and Petitioner did not seek one from the Sixth Circuit. Docket No. 38, PageID 323.

Petitioner filed a motion to reopen his original habeas corpus claim on June 9, 2017, which was granted by the Court. Docket No. 19, PageID 77; Docket No. 20, PageID 79-80. The case was reopened after resolution of the state claims and Petitioner thereafter filed an Amended Petition on October 11, 2018. Docket No. 26, PageID 87-93. The State requests a transfer of the

habeas corpus petition to the Sixth Circuit as an application for authorization to review a second or successive petition. Docket No. 38. Petitioner has responded to the motion, arguing that the two petitions were not the same claim (Docket No. 40), and the State filed a reply to the petitioner's response. (Docket No. 41).

## ANALYSIS

The United States Code governs habeas corpus petitions and 28 U.S.C. § 2244(b)(3)(A) states that a petitioner should take leave to apply to the appropriate court of appeals for authorization to make a second or successive petition in district court. In this case, Anderson did not file the appropriate plea for consideration in the Sixth Circuit before filing a successive habeas petition in district court, and therefore the district court does not have the jurisdiction to consider this claim before the Sixth Circuit authorizes it. *Burton v. Stewart*, 549 U.S. 147, 152 (2007); Docket No. 38, PageID 324. Because this petition rests on materially the same circumstances as the previous resolved petition it should be transferred to the Sixth Circuit for consideration as a second or successive petition. *In re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997).

United States statutory law does not define "second or successive" petitions by their time of filing, but rather whether the claims brought in this petition have been previously adjudicated by a United States Court. 28 U.S.C. § 2244(a); *In re Wogenstahl*, 902 F. 3d 621, 627 (6th Cir. 2018). If a district court has previously addressed each claim and the claims have not materially changed since that initial judgment, any following review of a petition is to be second and successive, requiring Sixth Circuit authorization. *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643 (1998); *In re Wogenstahl*, 902 F. 3d at 627. *McClesky v. Zant* categorizes these types of petitions as those that "abuse the writ" – they raise claims that could have been brought in previous petitions and were excluded due to abandonment or neglect. 499 U.S. 467, 470 (1991).

3

Petitioner's first filed claim, which is at issue in this case, included two counts of ineffective trial counsel, the first for failing to ensure that Petitioner's plea was knowing and voluntary and the second for failure to request a medical examination. Docket No. 1, PageID 2. The first filed petition included a count for abuse of due process arguing Petitioner was not competent when he was convicted. Docket No. 26, PageID 92. While the due process claim is not identical to the other petition, as the first two claims were, the due process claim does not fall within the exception provided by *In re Wogenstahl*, that if the events giving rise to the second petition were not yet ripe for litigation, the second petition would not be successive. 902 F. 3d at 627.

In this case, all material information to the habeas corpus claim was available at the time of the first filing, and this exception does not apply because Petitioner abused the writ by not including this claim in the petition litigated first. 28 U.S.C. §2244(a). The habeas petition filed second was adjudicated on the merits before the first-filed petition was decided, except for the immaterial due process claim. The first-filed petition made the same claims as the second-filed and thus is considered a successive petition even though filed first.

Petitioner argues that the petitions were materially different because of the difference in Petitioner's legal representation between the first and second filings. Docket No. 40, PageID 330. In the second filed petition, Anderson filed pro se and represented himself in court. Petitioner was appointed counsel in the first filed petition. Docket No. 38, PageID 322-23. Anderson argues that a petitioner cannot litigate both pro se and with counsel at the same time, and so he must be able to choose by which means to proceed. *Jones v. Bradshaw*, 326 F. Supp. 2d 857, 858 (N.D. Ohio 2004); Docket No. 40, PageID 330. However, this argument is unpersuasive because in *Jones*, the petitioner's multiple claims arose before litigation of any of

the claims, and necessarily the petitioner had to choose between pro se litigation and representative legal counsel. 326 F. Supp. 2d at 858; Docket No. 40, PageID 330. In this case, Anderson knew of the two habeas petitions and allowed the pro se petition to proceed in court to a final judgment without raising any notice as to the existence of the first filed petition. Docket No. 41, PageID 333-34.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 in 1996 such that a habeas corpus claim presented in a prior application shall be dismissed, and a claim that was not presented in a prior application should also be dismissed, save for two exceptions provided by this statute. Second or successive habeas petitions are allowed only when the applicant demonstrates that the claim relies on a new constitutional law that is applied retroactively, or when the facts of the claim could not have previously been obtained through due diligence and without the constitutional error, the facts would be sufficient to establish by a clear and convincing standard that no reasonable factfinder would have been able to find the petitioner guilty of the claimed offense. 28 U.S.C. § 2244(b)(2)(B). In this case, there is no new constitutional law to apply retroactively to the previous petition, and the question of insufficient facts should be resolved by a court only after authorization. This, however, is not a question that the Middle District of Tennessee has the jurisdiction to decide; the successive petition should be transferred to the Sixth Circuit, which may or may not authorize it for litigation in district court. 28 U.S.C. § 2254; *Burton*, 549 U.S. at 152. Because Petitioner did not apply for authorization from the Sixth Circuit, there is no jurisdiction in the district court for the petition to be adjudicated on the merits. *Burton*, 549 U.S. at 152.

**CONCLUSION**

The undersigned recommends that the Motion to Transfer (Docket No. 38) be GRANTED and that the petition for habeas corpus relief be transferred to the Sixth Circuit Court of Appeals for review and authorization. The Middle District of Tennessee does not have the jurisdiction to review a second or successive habeas claim without authorization by the Sixth Circuit. Petitioner did not seek this authorization prior to filing a second habeas petition in district court, and therefore the successive petition must be authorized if it is to be litigated on the merits.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

JEFFERY S. FRENSLEY
United States Magistrate Judge